NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| KENNETH DANIELS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Hon. Dennis M. Cavanaugh |
| | : | |
| | : | **OPINION** |
| MORRIS COUNTY CORRECTIONAL | : | |
| FACILITY, SHERIFF EDWARD V. | : | Civil Action No. 06-2460 (DMC) |
| ROCHFORD, CHIEF RALPH McGRANE, | : | |
| WARDEN FRANK CORRENTE, JOHN | : | |
| DOES AND JANE ROES 1-10, XYZ, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S. District Judge

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Defendants' motion is **granted**.

### BACKGROUND

On April 29, 2006, Kenneth Daniels ("Plaintiff") a state pretrial detainee confined at the Morris County Correctional Facility ("MCCF"), filed an intake request form indicating that he needed to place a phone call to his public defender.  His request was denied and on April 30, 2006, Plaintiff filed another request seeking further explanation for the denial.  On April 31, 2006, the Social Services Supervisor ("Supervisor") explained that Plaintiff's request was denied

because telephone access is provided to prisoners in their housing units.  Therefore, Plaintiff was

not denied access to the ability to place collect calls.  Plaintiff explained that his public defender

did not accept his collect calls.  The Supervisor then directed Plaintiff to MCCF's system for

written communication with his public defender.

In support of their Motion, Defendants submit the Certification of Warden Frank

Corrente ("Corrente"), which explains that MCCF provides a three-tiered system for

administrative review of prisoner grievances.  Attached to the Corrente Certification is the

MCCF inmate manual which specifies that when a prisoner alleges a "violation of civil,

constitutional, statutory rights or the violation of facility policy," a grievance form may be filed.

After it is filed, the form is reviewed by a Grievance Coordinator who will refer the matter to the

appropriate staff member for a written answer directed to the complaining inmate.  Thereafter, a

prisoner may appeal an adverse decision to a five-member Grievance Committee.  Any

determination of the Grievance Committee can be appealed to the Facility Administrator.

Plaintiff never filed a grievance with a facility staff member at MCCF.  Therefore,

Plaintiff's complaint was never reviewed internally by the MCCF before he filed this suit on June

10, 2006.  Defendants moved for dismissal on October 13, 2006.  Plaintiff never filed any

opposition to Defendants' motion.

**DISCUSSION**

Motion to Dismiss Standard

A claim may be dismissed by motion where a complaint "does not state a claim upon

which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss, all

allegations in the Complaint must be taken as true and viewed in the light most favorable to the

2

nonmoving party. *See* Warth v. Seldin, 422 U.S. 490, 501 (1975). In evaluating a Rule 12(b)(6)

motion to dismiss, a court may consider only the Complaint, exhibits attached to the Complaint,

matters of public record, and undisputedly authentic documents if the plaintiff's claims are based

upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192,

1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable

to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts

which could prove consistent with allegations," a court shall dismiss a complaint for failure to

state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Although some courts have held Fed. R. Civ. P. 12(b)(6) does not, by its terms, allow for

extraneous materials, in the interest of prompt justice, when a party attaches material outside the

pleadings to its motion to dismiss, a court "has the discretion to accept the extraneous material

and convert the motion into one for summary judgment." In re Rockefeller Ctr. Props., Inc. Sec.

Litig., 184 F.3d 280, 287 (3d Cir. 1999); Gunson v. James, 364 F. Supp. 2d 455, 460-61 (D.N.J.

2005). This Court, therefore, accepts the Corrente Certification and attached MCCF inmate

manual.

Analysis

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), states that "[n]o action

shall be brought with respect to prison conditions under section 1983 of this title, or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). The exhaustion

of all administrative remedies is mandatory, even if the prisoner believes that the administrative

remedies will be ineffective. Booth v. Churner, 532 U.S. 731, 739-41 (2001); Porter v. Nussle,

534 U.S. 516, 524 (2002). In order to comply with the requirements of the PLRA, administrative remedies must be exhausted prior to a suit in federal court. Spruill v. Gillis, 372 F.3d 218, 226-27 (3d Cir. 2004).

In determining whether a prisoner has properly exhausted administrative remedies, a court must consider the prisoner's compliance with the prison's administrative regulations governing inmate grievances. Id., at 222. "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000).

The exhaustion requirement demands that a prisoner be responsible for bringing a grievance to the attention of the appropriate prison official so that the facility has an opportunity to respond to the grievance before resorting to the court system. Spruill, 372 F.3d at 227. This procedure provides corrections officials with the chance to address complaints internally before an issue is brought before a federal court. Porter, 534 U.S. at 524-25.

Here, Plaintiff did not avail himself to MCCF's grievance system at all. There is no record of Plaintiff having filed a grievance with any member of the MCCF staff and Plaintiff offers no evidence of his having pursued his complaint through the channels available to him at the MCCF. Plaintiff admits in his complaint that he only sought administrative remedies verbally. An oral attempt is insufficient to invoke the grievance procedures at MCCF, let alone exhaust all administrative remedies.

## CONCLUSION

Based on the foregoing, Defendants' motion for dismissal of Plaintiff's complaint is

**granted.**  An appropriate Order accompanies this Opinion.

 

 

 

                           S/ Dennis M. Cavanaugh
                           Dennis M. Cavanaugh, U.S.D.J.

Dated: January   22  , 2007.